IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL JAMES BRADY,<br><br>　　　　　Defendant and Debtor.<br><br>BP3 GLOBAL INCORPORATED,<br>(and its Successors and Assignees)<br><br>　　　　　Garnishee. | Case No. 1:22-mc-00053-EPG<br>Criminal Case No. 1:00-CR-05345-AWI<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING, IN PART, REQUEST FOR FINAL ORDER OF CONTINUING GARNISHMENT<br><br>(ECF No. 9)<br><br>TWENTY-ONE DAY DEADLINE |

Currently pending before the Court is the United States' request for findings and recommendations regarding issuance of a final garnishment order against the nonexempt disposable earnings of the Defendant and Judgment Debtor, Michael James Brady (Defendant) from his employer, BP3 Global Incorporated. (ECF No. 9). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

**I.　BACKGROUND**

In December 2001, Defendant was sentenced on six counts for violations of 18 U.S.C. § 1341 and 18 U.S.C. § 2, mail fraud and aiding and abetting, receiving a total term of 33 months in prison, to be followed by 36 months of supervised release. (*United States v. Brady*, Case No. 1:00-cr-05345-AWI

1

(ECF No. 13, pp. 1-3)). As part of his judgment, he was ordered to pay a statutory assessment of $600.00 and $165,732.66 in restitution. (*Id.* at 5).

In December 2021, in an attempt to collect money still owed, the United States filed an application for a writ of continuing garnishment against Defendant's nonexempt earnings from Plaintiff's former employer, Windstream Services II, LLC. (*United States v. Brady*, Case No. 1:21-mc-00133-DAD-BAM (ECF No. 1)). Ultimately, the District Judge issued an order granting a writ of continuing garnishment in March 2022, approving a 10% surcharge of $14,137.29 in addition to the judgment balance of $141,372.92. (*Id.* (ECF No. 14)). However, on April 12, 2022, the United States requested, and the District Judge later entered on April 19, 2022, an order terminating the continuing garnishment because Defendant was no longer employed by Windstream Services II, LLC. (*Id.* (ECF Nos. 16, 17)).

On April 11, 2022, the United States filed the instant application for a writ of continuing garnishment against Defendant's nonexempt earnings from Plaintiff's current employer, BP3 Global Incorporated (the Garnishee). (ECF No. 1). The United States asserts that as of April 11, 2022, Defendant still owes $138,084.80, plus the $14,137.29 surcharge that was approved in *United States v. Brady*, Case No. 1:21-mc-00133-DAD-BAM, seeking a total of $152,222.09.

The Clerk of Court issued the writ of garnishment on April 13, 2022. (ECF No. 4). The United States served Defendant with copies of the writ and related documents on the same day. (ECF No. 5). The documents served on Defendant advised him, among other things, of his right to claim exemptions to garnishment and request a hearing. (*See* ECF Nos. 5-1, 5-4).

The Garnishee filed its acknowledgement of service and answer on April 28, 2022, identifying the applicable pay period and amount of disposable earnings for Defendant. (ECF No. 6). The Garnishee served the acknowledgement of service and answer on Defendant on April 28, 2022. (*Id.*).

The United States now seeks a final order of garnishment pursuant to § 3205(c)(7) of the Federal Debt Collections Procedure Act (FDCPA), 28 U.S.C. §§ 3001, *et seq.*, against 25% of Defendant's non-exempt disposable earnings from the Garnishee. (ECF No. 9).

**II.    DISCUSSION**

Pursuant to the Mandatory Victims Restitution Act, the United States may enforce a judgment

2

imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. *United States v. Mays,* 430 F.3d 963, 965, n.2 (9th Cir. 2005). The FDCPA sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on. . . an amount that is owing to the United States on account of . . . restitution." *Id.* at 965 (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B)).

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "Disposable earnings" is defined as "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5). "Nonexempt disposable earnings," in turn, "means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002(9). "Several courts have explained that 25% is the maximum figure, and not a mandatory amount." *United States v. Masten*, No. C 10-80230 CRB JCS, 2011 WL 5975132, at *2 (N.D. Cal. Jan. 3, 2011), *report and recommendation adopted*, No. C 10-80230 CRB, 2011 WL 5974974 (N.D. Cal. Nov. 29, 2011). Additionally, "the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement . . . of the claim for such debt." 28 U.S.C. § 3011(a).

The United States is required by the FDCPA to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor then has twenty days after receipt of the notice to request a hearing. *Id.* After the garnishee files an answer, and if no hearing is requested within the required time period, the Court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property. 28 U.S.C. § 3205(c)(7).

Here, Defendant's nonexempt disposable earnings are subject to garnishment under the FDCPA. *See* 28 U.S.C. § 3205(a). The United States provided Defendant with notice of the garnishment proceedings on April 13, 2022. (ECF No. 5). The documents served on Defendant advised him of his rights to claim exemptions and request a hearing.  (*Id.*)  Defendant was further advised of the applicable deadlines for exercising these rights under the FDCPA. (*Id.*)  Neither Defendant nor any other person

filed any exemption claims, objections, requests for hearing, or other response in this garnishment action and their time to do so has now expired. Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing was requested during the applicable time period, the Court will recommend that an order issue directing the Garnishee as to the disposition of Defendant's nonexempt disposable wages.

The United States also seeks to recover a total surcharge of $14,137.29 as previously ordered in *United States v. Brady*, Case No. 1:21-mc-00133-DAD-BAM. (Docs. 1, 9.) The FDCPA provides that the United States in entitled to recover a litigation surcharge "of 10 percent of the amount of the debt in connection with the recovery of the debt." 28 U.S.C. § 3011(a). A defendant's criminal monetary penalties, including the assessment, fine, and restitution, all constitute "debt" as defined by the FDCPA. 28 U.S.C. § 3002(3)(B). The debt recovery action must be one that arises under the FDCPA's pre-judgment remedies or post-judgment remedies. 28 U.S.C. § 3011(a); *see United States v. Sackett*, 114 F.3d 1050, 1053 (10th Cir. 1997). The government's garnishment action here is a qualifying post-judgment remedy under 28 U.S.C. § 3205. Subject to exclusions not relevant here, § 3011 provides that the recoverable surcharge amount is 10% of the debt sought to be collected. 28 U.S.C. § 3011(a) (addressing writs of garnishments).

The United States is entitled to a surcharge on the amount of the debt sought to be collected. However, the Court does not believe that the United States is entitled to $14,137.29. Notably, while that amount was previously ordered in *United States v. Brady*, Case No. 1:21-mc-00133-DAD-BAM (ECF No. 14), that 10% surcharge was based off a greater judgment balance $141,372.92, as opposed to $138,084.80 now owed, and the district judge later terminated the final order for writ of garnishment that awarded that amount. The United States has presented no authority that it may seek a previously awarded surcharge in an order that was subsequently terminated, especially when the new amount sought is lesser that the original amount that the surcharge was based on.[1]

Because, as of April 11, 2022, Defendant owes restitution in the amount of $138,084.80, the Court will recommend authorizing a surcharge totaling $13,808.48, representing 10% of the amount of the debt.

---

[1] The United States may present supplemental authority on this issue in its objections if it so chooses.

### III.     ORDER AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is directed to assign a District Judge to this action. Further, IT IS ORDERED that the United States is directed to serve a copy of these findings and recommendations on the Garnishee and Defendant and file proof of such service within seven (7) days of entry of these findings and recommendations.

Based on the foregoing, IT IS RECOMMENDED that:

1. The United States' Request for Findings and Recommendations for Final Order of Continuing Garnishment be GRANTED, in part;

2. Garnishee BP3 Global Incorporation be directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Michael James Brady's ongoing and non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses;

3. Garnishee BP3 Global Incorporation be directed to pay the Clerk of the United States District Court the amount of non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses, already withheld as a result of the writ, within fifteen (15) days of the filing of the Final Order.  Payment shall be made in the form of a cashier's check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

> United States District Court, Eastern District of California
> Office of the Clerk
> 501 I St., Rm. 4-200
> Sacramento, CA 95814

The criminal docket number (1:00-CR-05345-AWI) shall be stated on the payment instrument;

4. The United States' request to recover a $14,137.29 litigation surcharge after satisfaction of the judgment in the criminal case be denied, but the United States be instead authorized to recover $13,808.48.

5. After the restitution is paid in full, Garnishee BP3 Global Incorporation shall pay the litigation surcharge to the United States Department of Justice via a single payment within twenty (20) days of the garnished wages accumulating to the $13,808.48 surcharge amount, and send the payment in the form of a cashier's check, money order, or company draft made payable to "United States Department of Justice," and delivered to:

        U.S. Department of Justice
        Nationwide Central Intake Facility
        P.O. Box 790363
        St. Louis, MO 63179-03673

The payment instrument shall state "CDCS Number 2022A41591" on the face of the payment instrument;[2]

    6.    The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

    7.    The garnishment shall terminate when (1) the United States seeks to terminate the writ or (2) when the judgment amount and litigation surcharge are fully satisfied.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days, after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **May 25, 2022**               /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that in *United States v. Brady*, Case No. 1:21-mc-00133-DAD-BAM (ECF No. 9-1, p. 2), the United States provided the following address—U.S. Bank Government Lockbox, Attn: DOJ Production Manager/Box 790363, 1005 Convention Plaza, SL-MO-C2G1, St. Louis, MO 63101—and the United States provided the following CDCS Number— 2002A55594.