IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL JAMES BRADY,<br><br>          Debtor.<br><br>BP3 GLOBAL INCORPORATED,<br>(and its Successors and Assignees)<br><br>          Garnishee. | Case No. 1:22-MC-00053-AWI-EPG<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND FINAL ORDER OF CONTINUING GARNISHMENT**<br><br>Criminal Case No. 1:00-CR-05345-AWI |

On April 11, 2022, the United States filed an Application for Writ of Continuing Garnishment against twenty-five percent (25%) of Michael James Brady's ("Debtor") non-exempt disposable earnings. ECF 1. The Clerk of the Court issued the Writ and Clerk's Notice to Debtor. ECFs 3 and 4. The United States served the Writ and related documents on BP3 Global Incorporated ("Garnishee") and Debtor. ECFs 2 and 5.

On April 22, 2022, Garnishee served its Acknowledgment of Service and Answer of Garnishee on Debtor and the United States ("Answer"). ECF 6. In its Answer, Garnishee stated that Michael James Brady is an employee of Garnishee and pays earnings to Debtor. Id. Debtor did not file a claim

FINAL ORDER OF JUDGMENT                                     1

of exemption to the proposed garnishment or request a hearing, did not object to Garnishee's Answer, and did not otherwise object to the United States' garnishment action. *See* Docket.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302, on May 25, 2022, the Magistrate Judge issued findings and recommendations that recommended that the United States' request for final order of continuing garnishment be granted and ordered that any objections were due within 21 days after service. ECF 10. The United States served the findings and recommendations on Debtor on May 31, 2022. ECF 11. Debtor did not object and the time to do so has passed. *See* Docket.

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the file, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The United States' Request for Findings and Recommendations for Final Order of Continuing Garnishment is GRANTED;

2. Garnishee BP3 Global Incorporation is directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Michael James Brady's ongoing and non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses;

3. Garnishee BP3 Global Incorporation is directed to pay the Clerk of the United States District Court the amount of non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses, already withheld as a result of the writ, within fifteen (15) days of the filing of the Final Order. Payment shall be made in the form of a cashier's check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

> United States District Court, Eastern District of California
> Office of the Clerk
> 501 I St., Rm. 4-200
> Sacramento, CA 95814

The criminal docket number (1:00-CR-05345-AWI) shall be stated on the payment instrument;

4. The United States' request to recover a $14,137.29 litigation surcharge after satisfaction of the judgment in the criminal case is denied, but the United States is instead authorized to recover $13,808.48.

    5.    After the restitution is paid in full, Garnishee BP3 Global Incorporation shall pay the litigation surcharge to the United States Department of Justice via a single payment within twenty (20) days of the garnished wages accumulating to the $13,808.48 surcharge amount, and send the payment in the form of a cashier's check, money order, or company draft made payable to "United States Department of Justice", and delivered to:

> U.S. Department of Justice
> Nationwide Central Intake Facility
> P.O. Box 790363
> St. Louis, MO 63179-03673

The payment instrument shall state "CDCS Number 2022A41591" on the face of the payment instrument;

    6.    The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

    7.    The garnishment shall terminate when (1) the United States seeks to terminate the writ, or (2) when the judgment amount and litigation surcharge are fully satisfied.

IT IS SO ORDERED.

Dated: June 28, 2022                    _____
                                               SENIOR DISTRICT JUDGE